**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DAVID W. FRAME,

                Plaintiff,

vs.                                                                                  Case No.  3:10-cv-360-J-34JRK

UNITED STATES OF AMERICA,

                Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

This cause is before the Court on Defendant's Motion to Dismiss and Memorandum in Support (Doc. No. 5; "Motion to Dismiss"), filed July 12, 2010.  On April 26, 2010, Plaintiff filed a Complaint (Doc. No. 1) commencing this case.  Thereafter, Defendant filed the Motion to Dismiss, which is opposed.  See Plaintiff's Response to Defendant's Motion to Dismiss (Doc. No. 7; "Response"), filed July 26, 2010.  The Motion to Dismiss was referred to the undersigned by the Honorable Marcia Morales Howard, United States District Judge, on July 20, 2010 for the issuance of a Report and Recommendation regarding an appropriate resolution.  See Order of Referral (Doc. No. 6).  In the Motion to Dismiss, Defendant seeks an order "dismissing Plaintiff's Complaint pursuant to [Rule 12(b)(6), Federal Rules of Civil Procedure ("Rule(s)"),] and 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted."  Motion to Dismiss at 1.  In the Motion to Dismiss, Defendant contends that because Plaintiff previously litigated the same claims asserted in the

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual allegations on appeal.

Complaint in the Northern District of Florida, he is barred from proceeding in the current action. Id. at 7-9. On October 19, 2010, the undersigned entered an Order (Doc. No. 10) advising Plaintiff of the final effect an order granting the Motion to Dismiss would have and providing Plaintiff an opportunity to file a supplemental response to the Motion to Dismiss by November 10, 2010. To date, the Court has not received a supplemental response to the Motion to Dismiss from Plaintiff. For the following reasons, the undersigned recommends that the Motion to Dismiss be granted and the Complaint be dismissed without leave to amend.

## I. Background

### A. Action in the Northern District of Florida

On November 25, 2009, Plaintiff filed a pro se complaint (Doc. No. 1 in Case No. 4:09-cv-458-RH/WCS ("First Action"); "Complaint in the First Action") in the United States District Court for the Northern District of Florida commencing the First Action. In the Complaint in the First Action, Plaintiff named as defendants the Honorable Robert Gates (Secretary of Defense), the Honorable Raymond Mabus, Jr. (Secretary of the Navy), and Rick D. West (Master Chief Petty Officer of the Navy). Complaint in the First Action at 1. Pursuant to the court's Order entered on December 10, 2009 (Doc. No. 6 in the First Action; "December 2009 Order"), Plaintiff was given an opportunity to correct certain deficiencies in the Complaint in the First Action, including Plaintiff's failure to state a claim upon which relief could be granted. See December 2009 Order at 3, 4, 5, 6. Plaintiff then submitted an amended complaint (Doc. No. 7 in the First Action; "Amended Complaint in the First Action") on January 11, 2010. In the Amended Complaint in the First Action, Plaintiff substituted the

United States of America as the sole defendant in place of the three original defendants. Amended Complaint in the First Action at 1.  Plaintiff alleged the following facts.

In 2001, Plaintiff was diagnosed with "Hypothyroidism" and "Endocrine problems" while serving aboard the U.S.S. Underwood in the United States Navy ("Navy").  Amended Complaint in the First Action at 5 ¶ 2, 6 ¶ 7.  Plaintiff was transferred to "the Naval Hospital in Jacksonville" and prescribed medications, which he took from about June 2001 until May 2004.  Id. at 5-6 ¶¶ 2-4.  On July 2, 2003, Plaintiff was arrested on state of Florida charges for "[c]apital [s]exual [b]attery upon a person under [sixteen years] of age, from a person in a position of familiar authority; and possession of [c]hild [p]ornography."  Id. at 6 ¶ 7.  Plaintiff was held in the Duval County jail for sixty-six days.  Id. at 7 ¶ 9.  Subsequently, Plaintiff posted bond and returned to the Navy.  Id. ¶¶ 10, 11.  Plaintiff asserted he had "no recollection" of committing the alleged crimes.  Id. at 8 ¶ 15.  During a meeting with a Navy lawyer, Plaintiff was informed that the Captain of the U.S.S. Underwood "wanted [Plaintiff] out of the [Navy] as soon as possible," allegedly due to the crimes with which he was charged.  Id. at 7 ¶ 13.  On May 28, 2004, Plaintiff was discharged from the Navy for misconduct and received an "Other-Than-Honorable Discharge."  Id. at 8 ¶ 16.  On July 26, 2005, Plaintiff entered a "best interest plea" to charges stemming from the July 2, 2003 arrest.  Id. at 8-9 ¶ 19.  Plaintiff alleged that in April 2007 he "came to realize" that his lack of recollection of the crimes for which he was charged was due to "[i]nvoluntary [i]ntoxication on [p]sychiatric [d]rugs, and [his] Synthroid that the [Navy] was prescribing [him]."  Id. at 9 ¶ 22.  In August 2009, Plaintiff filed an application with the Naval Discharge Review Board

("NDRB") to have his discharge status reviewed and changed to "Honorable Discharge." See id. ¶ 23.

In the Amended Complaint in the First Action, Plaintiff asserted that his "[Fifth Amendment] 'Due Process' [and] 'Liberty Interest'" and "[Fourteenth Amendment] 'Property Interest' [and] 'Due Process'" rights were violated. Id. at 11. Plaintiff alleged that "the 'Property Interest' and 'Liberty Interest' [he] had invested [were] violated and taken from [him] when the [Navy] got [him] [i]nvoluntarily [i]ntoxicated on [p]sychiatric [d]rugs and Synthoid." Id. at 10 ¶ 24. According to Plaintiff, as a result of the involuntary intoxication, he committed "sex crimes against [his] oldest [d]aughter." Id. ¶ 25. Plaintiff sought a declaration that "the acts and omissions described [t]herein violated [his] rights under the Constitution and laws of the United States." Id. ¶ 28. Plaintiff requested the following additional relief: actual and punitive damages; active duty pay from May 28, 2004 through June 19, 2006; accrued sea/leave pay from May 28, 2004 through June 19, 2006; retirement pay with all benefits from June 19, 2006 through the present; and attorney's fees.[2] Id. at 11.

On March 5, 2010, the Honorable Robert L. Hinkle, United States District Judge, dismissed the Amended Complaint in the First Action. See Order of Dismissal (Doc. No. 10 in the First Action). In the Order of Dismissal, Judge Hinkle adopted the Report and Recommendation (Doc. No. 9 in the First Action; "R & R") entered on January 22, 2010 by the Honorable William C. Sherrill, Jr., United States Magistrate Judge. In the R & R, the court made the following three findings.

---

[2] Plaintiff requested attorney's fees in the First Action even though he was proceeding pro se.

First, because "enlisted military personnel could not recover monetary damages from superior officers for injuries sustained as a result of violations of constitutional rights through a Bivens-type suit," R & R at 3 (citing Chappell v. Wallace, 462 U.S. 296, 298-99, 305 (1983)), and because the military is a "specialized community [that] has been afforded its own system of procedures and remedies set forth in the Uniform Code of Military Justice," id. at 3-4 (citing Chappell, 462 U.S. at 302-03), "relief [was] not appropriate in this [c]ourt and this case must be dismissed for lack of subject matter jurisdiction[,]" id. at 4.  Moreover, the court noted Plaintiff's claim was "incident to service" and thus barred by sovereign immunity. Id. (citation omitted).

Second, the court found Plaintiff's case was not ripe because of his pending application with the NDRB challenging his discharge status.  See id. at 5.  The court observed that it is unclear whether a judicial review of a NDRB's decision is even available. See id.

Third, because Plaintiff was alleging a violation of 42 U.S.C. § 1983 for an "unconstitutional conviction or imprisonment" and thus had to prove "the conviction or sentence ha[d] been reversed . . . , expunged . . . , [or] declared invalid" by a court with authority to make such determination, R & R at 5 (quoting Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)), he was not permitted to seek monetary damages which would have "collaterally undermine[d] [his] criminal conviction or sentence[,]" id.  The court concluded the Amended Complaint in the First Action should be dismissed for "failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)[.]"  Id. at 6.

On April 1, 2010, Plaintiff appealed the court's decision to dismiss the Amended Complaint in the First Action to the United States Court of Appeals for the Eleventh Circuit. See Notice of Appeal (Doc. No. 12 in the First Action). On May 11, 2010, the Eleventh Circuit dismissed the appeal pursuant to 11th Cir. R. 42-1(b) for failure to prosecute. See Entry of Dismissal (Doc. No. 18 in the First Action).

### B.     Action in the Middle District of Florida

On April 26, 2010, Plaintiff filed a pro se Complaint (hereinafter "Complaint in the Instant Action") in the present case. The claims made in the Complaint in the Instant Action are essentially the same as those dismissed by Judge Hinkle in the Northern District of Florida. In sum, Plaintiff makes the following allegations in the Instant Action. Plaintiff alleges he was diagnosed with Hypothyroidism and took medicine prescribed by Navy doctors from about June 2001 through May 2004. Complaint in the Instant Action at 9 ¶ 5, 10 ¶ 10. Plaintiff states he was discharged from the Navy on May 28, 2004 because of charges stemming from his arrest on July 2, 2003. See id. at 11 ¶ 14, 12 ¶¶ 18-19. Plaintiff further states he entered a plea to the charges arising from the July 2, 2003 arrest. Id. at 13 ¶ 22. He alleges that his "[Fifth Amendment] (Due Process) [and] (Liberty Interest)" and "[Fourteenth Amendment] (Property Interest) [and] (Due Process)" rights were violated. Id. at 8. Plaintiff seeks a declaration that "the acts and omissions described herein violated [his] rights under the Constitution and laws of the United States," id. at 14 ¶ 32, and the following additional relief: actual and punitive damages; active duty pay from May 28, 2004 through June 19, 2006; accrued sea/leave pay from May 28, 2004 through June 19, 2006 and retirement pay with all benefits, id. at 15.

Plaintiff makes additional allegations in the Complaint in the Instant Action that were not specifically included in the Amended Complaint in the First Action. He alleges Hyperthyroidism is hereditary and that other members of his family have the condition. See id. at 10 ¶¶ 6, 9. He states he took all of his prescription drugs while off-duty, with the exception of one prescription drug. Id. at 10-11 ¶ 11. He further alleges the crimes he committed occurred because of his "Hypothyroidism and its psychotic side effects" while he was off-duty and at his off-base home. Id. at 8.

## II. Discussion

Defendant asserts the Complaint in the Instant Action should be dismissed because Plaintiff has not stated a claim upon which relief may be granted. Motion to Dismiss at 1. Specifically, Defendant argues the present action is barred by res judicata, or in the alternative by collateral estoppel, because Plaintiff's claims were raised in a prior action and a final decision was rendered on them. See id. at 7, 9. Plaintiff contends neither the elements of res judicata nor collateral estoppel are met in this case. See Response at 4, 8.

The defense of res judicata may be raised in a 12(b)(6) motion when the existence of the defense is apparent from the face of the complaint. See Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1022 (11th Cir. 2001) (citations omitted); Jones v. O.D. Gann, 703 F.2d 513, 515 (11th Cir. 1983) (stating res judicata may be raised in a 12(b)(6) motion "when the defense's existence can be judged on the face of the complaint.") (citation omitted). Here, it is apparent from the face of the Complaint in the Instant Action that the defense of res

judicata exists.[3]  See Marsh, 268 F.3d at 1022; Jones, 703 F.2d at 515.  In completing the Civil Rights Complaint Form in this case, Plaintiff recognizes the following: (1) the facts in the First Action dealt "with the same or similar facts [as are] involved in this action"; (2) the parties in the First Action were David W. Frame and the United States of America; (3) the alleged violation in the First Action was a "violation of property interest, liberty interest, and due process when [Plaintiff] was discharged from the U.S. Navy"; and (4) the First Action was dismissed by the Northern District of Florida "for failure to state a claim."  Complaint in the Instant Action at 5.

### A.     Rule 12(b)(6) Motions and Judicial Notice

Generally, in deciding a motion to dismiss pursuant to Rule 12(b)(6), a court is limited to considering the complaint and documents attached to the complaint.  Butler v. Broward Cnty. Cent. Exam'ing Bd., 367 F. App'x 991, 992 (11th Cir. Mar. 5, 2010) (unpublished) (citation omitted).  "If . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  However, the court "may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment."  Horne v. Potter, No. 10-10561, 2010 WL 3245149, at *2 (11th Cir. Aug. 16, 2010) (unpublished) (citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999)).  Pleadings, orders, and other documents from a prior action are "'not subject to reasonable dispute' because they [a]re 'capable of accurate and ready determination by resort to sources whose accuracy [cannot]

---

[3]     As discussed infra Part II.C at 10, the elements of res judicata are the following: (1) there must be a final adjudication on the merits; (2) the decision in the prior action must be rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same causes of action or claims must be involved in both cases.

reasonably be questioned.'" Id. (quoting Fed. R. Evid. 201(b)).  Thus, taking judicial notice of such documents in deciding a Rule 12(b)(6) motion to dismiss is proper.  See id.

Here, the undersigned takes judicial notice of the pleadings, orders, and other documents from Plaintiff's First Action because they are not subject to reasonable dispute.[4]  See Horne, 2010 WL 3245149, at *2.  Therefore, it is unnecessary to convert the Motion to Dismiss into a motion for summary judgment.  See id.

### B.    Claim Preclusion and Issue Preclusion

"The term 'res judicata' has been used to refer to both claim preclusion and to issue preclusion, although the term is more often synonymous with claim preclusion rather than issue preclusion[5].]"  Sewell v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 94 F.3d 1514, 1517-18 (11th Cir. 1996) (citation omitted).  Under the doctrine of claim preclusion, an adjudication on the merits of a claim or cause of action that was or could have been litigated in a prior action bars such claim or claims from being raised again in a subsequent action. See In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001) (citation omitted).  The doctrine of issue preclusion (collateral estoppel) provides that a "'right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies[.]'"  Tuscano v. Newhouse, No. 6:07-cv-1342-Orl-31DAB, 2008 WL 2038418,

---

[4] Specifically, the undersigned takes judicial notice of the following documents from the First Action:  the Complaint in the First Action; the December 2009 Order; the Amended Complaint in the First Action; the Report and Recommendation; the Order of Dismissal; the Notice of Appeal; and the Entry of Dismissal.

[5] Issue preclusion encompasses both "collateral estoppel" and "direct estoppel."  Gjellum v. City of Birmingham, 829 F.2d 1056, 1059 n.3 (11th Cir. 1987) (citations omitted).

at *3 (M.D. Fla. Feb. 27, 2008) (unpublished) (quoting S. Pac. R.R. Co. v. United States, 168 U.S. 1, 48-49 (1897)). For the reasons set forth below, after reviewing the Amended Complaint in the First Action and the Complaint in the Instant Action, the undersigned finds that Plaintiff's claims are barred by claim preclusion.[6] In light of this finding, the undersigned recommends granting the Motion to Dismiss.

### C.     Defendant's Motion to Dismiss

To bar a subsequent suit on the grounds of claim preclusion, four elements must be present:  (1) there must be a final adjudication on the merits; (2) the decision in the prior action must be rendered by a court of competent jurisdiction; (3) "'the parties, or those in privity with them, must be identical in both suits'"; and (4) the same causes of action or claims must be involved in both cases. Olmsted v. Defosset, 205 F. Supp. 2d 1316, 1322 (M.D. Fla. 2002) (quoting I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1549 (11th Cir. 1986)). To determine whether a cause of action or claim is the same in both cases, the

---

[6]    The Eleventh Circuit has stated that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted). Ordinarily, the Court would allow Plaintiff an opportunity to amend his complaint to cure any deficiencies in his pleadings. See Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (stating a plaintiff should be given at least one chance to amend his or her complaint before the court dismisses the action with prejudice); but see Whitehurst v. Wal-Mart, 306 F. App'x 446, 449 n.5 (11th Cir. Dec. 15, 2008) (unpublished) (recognizing in a parenthetical that "granting a pro se plaintiff an opportunity to amend is not required where the plaintiff has already been given a chance to amend his pleading") (citation, alteration, and internal quotations omitted). However, Plaintiff was provided an opportunity to amend his complaint in the Northern District of Florida, and given that the facts alleged are substantially the same in both cases and the claims asserted are the same in both cases, the relitigation of such facts and claims is barred by claim preclusion, and any attempted amendment would be futile. See In re Justice Oaks II, Ltd., 898 F.2d 1544, 1552 (11th Cir. 1990) (stating "'the judgment or decree upon the merits in the first case is an absolute bar to the subsequent action or suit between the same parties . . . not only in respect of every matter which was actually offered and received to sustain the demand, but also as to every [claim] which might have been presented'") (alteration in original) (quoting Baltimore S.S. Co. v. Phillips, 274 U.S. 319, 319 (1927)). The undersigned, however, did advise Plaintiff of the implications of the Court granting the Motion to Dismiss and provided him additional time to supplement his response to the Motion to Dismiss.

court must ascertain whether the subsequent case "'arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action' or 'arises out of the same transaction or series of transactions.'"  Olmsted, 205 F. Supp. 2d at 1322 (citations omitted).

Here, the first element is met because the Northern District of Florida rendered a final adjudication on the merits of the case.  Plaintiff argues that he "never litigated [his] first civil rights complaint, filed in the Northern District of Florida, because it never made it [past] the Magistrate Judge's recommendation.  It was dismissed for failure to state a claim."  Response at 4 (emphasis omitted).  The undersigned construes Plaintiff's argument as challenging the first element of claim preclusion.  To that end, Plaintiff had the opportunity to file a complaint and an amended complaint in the First Action.  The court highlighted the deficiencies in the Complaint in the First Action and provided Plaintiff a second chance to plead his case.  See Bryant v. Dupree, 252 F.3d at 1163.  Following the Amended Complaint in the First Action, the court dismissed Plaintiff's case for failure to state a claim upon which relief could be granted.  Dismissal for failure to state a claim upon which relief may be granted is considered a final adjudication on the merits unless otherwise stated.  See Harmon v. Webster, 263 F. App'x 844, 845 (11th Cir. Feb. 1, 2008) (unpublished) (finding that a previous dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is final for purposes of claim preclusion) (citing NAACP v. Hunt, 891 F.2d 1555, 1560 (11th Cir. 1990) (stating that a dismissal for failure to state a claim pursuant to Rule 12(b)(6) is and adjudication on the merits for claim preclusion purposes)); Fed. R. Civ. P. 41(b) (providing that, unless a dismissal order states otherwise, an involuntary dismissal acts as "an

adjudication on the merits"). Moreover, Plaintiff appealed the Northern District of Florida's decision to the Eleventh Circuit. The Eleventh Circuit dismissed Plaintiff's appeal for failure to prosecute, which is also a final adjudication on the merits. See Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (stating that the "rules of finality" treat a dismissal for failure to prosecute as a judgment on the merits); Tuscano v. Evening Journal Ass'n, 179 F. App'x 621, 626 n.5 (11th Cir. May 4, 2006) (unpublished) (stating that a dismissal for failure to prosecute serves as an adjudication on the merits) (citing Bierman v. Tampa Elec. Co., 604 F.2d 929, 930-31 (5th Cir. 1979)).

With respect to the second element, the Northern District of Florida and the Eleventh Circuit are courts of competent jurisdiction. The third element is met because the parties are the same in both the First Action and the present action, namely Plaintiff and the United States of America.

Regarding the fourth element, Plaintiff raises the exact same claims arising out of the same "nucleus of operative fact" in the Complaint in the Instant Action as he raised in the Amended Complaint in the First Action. Specifically, he alleges in both actions that he suffered violations of his Fifth Amendment "Due Process" and "Liberty Interest" rights and Fourteenth Amendment "Property Interest" and "Due Process" rights as a result of his arrest and prosecution on state charges and his discharge from the Navy. Amended Complaint in First Action at 11; Complaint in Instant Action at 8. Plaintiff argues that the Amended Complaint in the First Action "dealt with [i]nvoluntary [i]ntoxication, while [the Complaint in the Instant Action] dealt with a [h]ereditary [d]isease." Response at 4-5. The undersigned construes Plaintiff's argument as asserting that the claims in the First Action are different

from the claims in the present action. Plaintiff does allege facts in support of his claims in the Instant Action that vary to a degree from the facts he alleged in support of his claims in the First Action; however, Plaintiff raises the same claims in both actions. In the First Action, Plaintiff alleged that his "Property Interest" and "Liberty Interest" were violated when the Navy "got [him] [i]nvoluntarily [i]ntoxicated on [p]sychiatric [d]rugs and Synthroid." Amended Complaint in the First Action at 10 ¶ 24. In the present action, Plaintiff alleges that his "Property Interest" and "Liberty Interest" were violated when the Navy discharged him for misconduct.[7] Complaint in the Instant Action at 13 ¶ 27. Moreover, a review of the factual allegations in both actions reveals they arise out of the same "nucleus of operative fact"; specifically, both actions arise out of the facts leading up to Plaintiff's arrest and his subsequent discharge from the Navy. See Olmsted, 205 F. Supp. 2d at 1322.

The undersigned finds that the elements of claim preclusion are met, and the present action is barred from proceeding. In light of this finding, it is unnecessary to address the issue of whether all of the requirements of issue preclusion have been met.[8]

### III. Conclusion

In sum, the undersigned concludes Plaintiff is precluded from proceeding in the present action. There was a final adjudication on the merits in the First Action; a court of

---

[7] Although Plaintiff claims a violation of his "due process" rights in the Amended Complaint in the First Action and the Complaint in the Instant Action, he did not allege any facts in support of that claim in either complaint.

[8] Assuming arguendo, Plaintiff is asserting new or additional claims or theories in the present action based on the same "nucleus of operative fact" as the First Action, they are barred by claim preclusion. See Pettus v. United States, No. 6:05-cv-1892-ORL-19JGG, 2006 WL 5085255, at *3 (M.D. Fla. June 26, 2006) (unpublished) (stating that claim preclusion acts as a bar to the legal theory presented in the prior litigation and to all theories and claims that could have been asserted based on the same "nucleus of operative fact") (citing Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1356 (11th Cir. 1998)); see also In re Justice Oaks II, Ltd., 898 F.2d at 1552.

competent jurisdiction rendered the decision in the First Action; the parties are identical in the present action as were in the First Action; and the same causes of action or claims are presented in this action as were presented in the First Action.  Therefore, it is recommended that the Motion to Dismiss be granted.  After due consideration, it is

**RECOMMENDED**:

1. That Defendant's Motion to Dismiss and Memorandum in Support (Doc. No. 5) be **GRANTED.**

2. That the Complaint (Doc. No. 1) be **DISMISSED**.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on December 30, 2010.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

wlg

Copies to:
Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

Pro Se Parties